except and request the court to seal a bill. If counsel are not in court when such rule is discharged, no judge should refuse to allow an exception and seal a bill within a reasonable time thereafter.

In the circumstances, we think this appeal should be quashed.

Appeal quashed.

---

# Fuller, Appellant, *v.* East End Homestead Loan and Trust Co.

*Constitutional law—Obligation of contract—Mortgage—Defeasance—Act of June 8, 1881.*

The act of June 8, 1881, P. L. 84, relating to and defining defeasances, does not violate article 1, § 10, paragraph 1, of the constitution of the United States, forbidding states to pass laws impairing the obligation of contracts.

Argued Oct. 23, 1893. Appeal, No. 289, Oct. T., 1893, by plaintiff, Sidney Fuller, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1892, No. 193, sustaining demurrer to bill in equity. Before Sterrett, C. J., Green, McCollum, Mitchell, Dean and Thompson, JJ.

Demurrer to bill in equity.

The bill averred that Simpson McClure, who was a member of defendant company, executed a deed to defendant to secure a loan ; that the consideration named in the deed was $2,400, but not more than $500 or $600 was paid in cash ; that McClure continued in possession of the property conveyed; that on Dec. 31, 1888, McClure gave to plaintiff a judgment note for lumber used in erecting a building on the land in question ; that plaintiff subsequently entered judgment on the note, issued execution and at the sale bought in the property and procured a sheriff's deed therefor ; that he offered to pay the portion of the loan due by McClure to defendant, but that his offer was refused, and defendant claimed an absolute ownership of the land.

The defendant demurred to the bill on the ground that the

alleged defeasance was not in writing. The court, EWING, P. J., entered a decree sustaining the demurrer on the ground that the act of June 8, 1881, P. L. 84, barred plaintiff's right.

*Error assigned* was decree, quoting it.

*J. Charles Dicken*, for appellant.—If the act of 1881 is constitutional and applies to a loan between a corporation and one of its members, it does not apply to plaintiff.

*James C. Doty* and *Albert York Smith*, for appellee, not heard, cited : Felts's Ap., 1 Mona. 282; Sankey v. Hawley, 118 Pa. 30.

PER CURIAM, Oct. 23, 1893, at Bar : Judgment affirmed.